**JIAN LIN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Michael B. Mukasey, U.S. Attorney General, Respondents.**

No. 08–0331–ag.

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

68

David A. Bredin, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Jian Lin, a native and citizen of the People's Republic of China, seeks review of a December 31, 2007 order of the BIA affirming the January 17, 2006 decision of Immigration Judge ("IJ") Sarah Burr denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Lin,* No. A77 317 145 (B.I.A. Dec.

31, 2007), *aff'g* No. A77 317 145 (Immig. Ct. N.Y. City Jan. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, although Lin is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006). When, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Passi v. Mukasey,* 535 F.3d 98, 100–01 (2d Cir.2008).

## I.  Asylum

### A.  Claim Based on Altercation with Commerce Department Officials

■ The IJ properly found that Lin failed to establish past persecution on account of his altercation with Commerce Department officials. Lin argues that he suffered persecution when the officials beat him and bloodied his nose. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) *(quoting Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995)), *overruled on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296 (2d Cir. 2007). We cannot conclude that the treatment Lin suffered constituted persecution. *Cf. Beskovic v. Gonzales,* 467 F.3d 223, 226

(2d Cir.2006) (finding that a minor beating may rise to the level of persecution if it occurred in the context of an arrest or detention on account of a protected ground). While Lin asserts that the officials' actions in demanding his whereabouts at his home constituted harassment, persecution must encompass more than "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (recognizing a distinction between "harassment" and "persecution").

■ In his brief to this Court, Lin fails to challenge meaningfully the IJ's finding that he failed to establish a well-founded fear of persecution based on his altercation with Chinese officials. Because issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

### B.  Claim Based on Family Planning Policy

#### 1.  Desire to Have More Children

■ Lin argued to the BIA that he feared persecution in China because he already had one child in the United States, and wished to have more children in the future. However, the BIA properly found that claim "without merit and hypothetical," where Lin failed to establish that the birth of one child would be considered a violation of the Chinese family planning policy. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that a fear is not objectively reasonable and is merely "speculative at best" if it lacks "solid support" in the record).

#### 2.  Motion to Remand

■ Before the BIA, Lin argued that remand was required because his wife, who had recently arrived from China, was

a new witness whose testimony was not previously available. Appropriately construing Lin's argument as a motion to remand, the BIA did not abuse its discretion in finding that he failed to show that his wife's testimony "is new and material evidence that would add to his claim." We review the BIA's denial of motions to remand for abuse of discretion, applying the substantive requirements of a motion to reopen. *See Li Yong Cao v. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005). The BIA may not grant a motion to reopen "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Lin's brief argues that "his wife can be a new witness to the persecution in his case who was not available at an earlier point in time." However, Lin failed to establish: (1) that his wife's testimony could not have been presented telephonically or submitted in a sworn statement; and (2) that his wife's testimony would support his claimed fear of persecution. *See* 8 C.F.R. § 1003.2(c)(1).

## II. Withholding of Removal

Lin's failure to show the objective likelihood of persecution needed to make out an asylum claim based on either the Chinese family planning policy or his altercation with the Commerce Department officials necessarily precludes him from meeting the higher standard required to succeed on his claim for withholding of removal, where both claims were based on the same factual predicates. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

## III. CAT Claim

■ To the extent that Lin based his CAT claim on the same factual predicates as his asylum and withholding of removal claims, his failure to show the objective likelihood of persecution required for those claims necessarily precludes success on his CAT claim. *See Paul,* 444 F.3d at 156. Finally, as the IJ found, Lin failed to demonstrate a likelihood of torture based on his illegal departure from China. To prevail on such a claim, Lin was required to adduce "particularized evidence" that he would be tortured if he is repatriated to China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005). Lin argues generally that the IJ ignored evidence that he would be tortured for his illegal departure, but Lin identifies no such record evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006). Accordingly, we cannot find that the agency erred in denying his CAT claim based on his illegal departure.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).